J-A01020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINICK BOOKER | : | |
| | : | |
| Appellant | : | No. 2700 EDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002555-2014

BEFORE: LAZARUS, J., OTT, J., and PLATT*, J.

CONCURRING STATEMENT BY LAZARUS, J.: **FILED JULY 23, 2018**

I agree with the Majority's disposition. I write separately to voice my concern with the suppression issue in this case. Police questioned Appellant while he was immobilized due to medical necessity. As the Majority points out, Appellant argues that "numerous police officers surrounded" him and questioned him in the back of an ambulance without providing **Miranda** warnings. Majority Opinion, at 8. The cases on which the Majority relies support its determination that since the restraints on Appellant's freedom were a result of his medical condition, not police action, there was nothing coercive about the conversation police had with Appellant while in the ambulance. **See**

_____
* Retired Senior Judge assigned to the Superior Court.

***Johnson***, ***supra***;[1] ***Fento***, ***supra***.  ***See also Commonwealth v. Perry***, 710

A.2d 1183 (Pa. Super. 1998) (defendant not subject to custodial interrogation

requiring ***Miranda*** warnings when trooper questioned him in emergency room

following automobile accident, even though defendant was immobilized on

gurney and had intravenous tubes in arms; trooper went to hospital to gather

information about accident pursuant to standard police procedure, questioning

---

[1] I note that the Majority's citation to ***Johnson*** refers to the statement Johnson gave while in an ambulance.  However, Johnson challenged four different statements he made to police and, with respect to the statement made while in the ambulance, the Supreme Court specifically noted that appellant "does not claim that this questioning amounted to a *custodial* interrogation requiring ***Miranda*** warning."  ***Id.*** (emphasis added).  Rather, Johnson argued that his physical condition was so severe that "any statement given to police was not given knowingly, voluntarily, and intelligently."  ***Id.*** The Court went on to hold that the totality of the circumstances did not support a determination "that this *noncustodial* interrogation resulted in an involuntary confession [.]"  ***Id.*** (emphasis added)   In that same case, however, the Court did examine another of Johnson's statements, this one given to police while he was in the hospital, which he challenged on the basis of custodial interrogation given without ***Miranda*** warnings.  With respect to that statement, the Court concluded:

> [Johnson's] inability to leave was not the result of any action of restraint by the police, but was due to his physical condition at the time.  Although the officers displayed their badges, they were not in uniform and conducted the interview with the hospital door open and while another patient was in the room with Appellant. There was no suggestion by Appellant that he wanted police questioning to cease, or that he objected to the questioning.

***Id.*** at 1100.   Similarly, in ***Fento***, ***supra***, this Court held that where a trooper questioned a driver in the hospital as part of routine accident investigation, there was no custodial interrogation.  The ***Fento*** Court stated that the only restraints placed on the defendant were created by his own medical condition as the result of the accident rather than any coercive action on the part of police.  ***Fento***, 526 A.2d at 787.

was not lengthy, trooper noticed "first hand" odor of alcohol on defendant's breath and questioned him in that regard, defendant's family and medical staff were present, and at no point prior to issuance of *Miranda* warning did defendant ask for questioning to stop).

I note, however, that the Majority has not examined the "overlying test to determine whether a person is being subjected to a custodial interrogation necessitating *Miranda* warnings[-] whether he is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by such interrogation." *Commonwealth v. Turner*, 772 A.2d 970, 973 (Pa. Super. 2001). It is true the police did not "force" Appellant to remain where he was, although physically he was unable to leave. The case law indicates that if a person's confinement or restriction is medically necessary, and not the result of police action, the inquiry into the reasonable impression conveyed to the person interrogated is unnecessary. In my view, however, it is equally likely that a reasonable person in Appellant's situation would nevertheless believe he is in custody, particularly here, where Appellant argues police suspected he was the shooter and their questions were likely to elicit an incriminating response. Because this Court is bound by prevailing precedent, I concur.